OPINION
Michael Sanders, a juvenile, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which found him delinquent by reason of possession of cocaine in violation of R.C. 2925.11 and unruly by reason of curfew violation in violation of R.C. 2151.022. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
 ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT'S FINDING OF GUILTY OF POSSESSION OF COCAINE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE REVERSED.
 ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT'S DENYING LEAVE TO FILE AN OBJECTION TO THE MAGISTRATE'S FINDING CONSTITUTED A DENIAL OF DUE PROCESS AND THE RIGHT TO COUNSEL.
 ASSIGNMENT OF ERROR NO. 3
 EVIDENCE OF MONEY TAKEN FROM DEFENDANT ON JULY 14, 1998 WITH TRACE OF COCAINE WAS IRRELEVANT TO CHARGE ON JUNE 27, 1998 AND THEREFORE SHOULD HAVE BEEN EXCLUDED. ADMISSION OF SAID EVIDENCE RESULTED IN A DENIAL OF DUE PROCESS FOR DEFENDANT.
The record indicates two Canton Police Officers observed two persons standing together on Second Street and Belden Avenue in Canton, Stark County, Ohio. When the two individuals saw the police car, one began to walk away. As this person walked away, the officers observed him throw a brown paper bag over a fence. The officer approached the individual, who was later identified as the appellant, and asked him for some identification. Appellant allegedly told the officer his name was Jimmy or Jerry Washington, and that he did not have any identification. Appellant then ran away. One officer gave chase, but was unable to catch the appellant, while the other officer retrieved the brown bag that had been thrown over the fence. The contents of the bag tested positive for crack-cocaine. The officers spoke with the other individual observed standing with appellant, and that person identified the suspect as Jerry.
The officers were then called to a shots-fired call in the same area. A witness there identified appellant as the person who threw the bag over the fence. After responding to the call, the officers went back to the station house and found appellant's picture in a yearbook. The officers admitted they never looked for Jerry or Jimmy Washington in the yearbook or anywhere else. The officers obtained an arrest warrant for appellant a few days after the incident.
On July 14, 1998, one of the officers who had encountered appellant on June 22, made a traffic stop and recognized appellant as the driver of the vehicle. Appellant was arrested, and $425.00 was taken from him at the time. The money later tested positive for traces of cocaine.
 I
In his first assignment of error, appellant argues the court's finding he was delinquent because of the possession of cocaine was against the manifest weight an sufficiency of the evidence.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court explained the similarities and distinctions drawn between concepts of manifest weight and sufficiency of the evidence. The Supreme Court noted the distinctions are both qualitative and quantitative in nature. The concept of sufficiency of the evidence refers to the legal standard which the trial court applies to determine whether the evidence is legally sufficient to support a verdict as a matter of law, Thompkins at 386, citations deleted. Even if a judgment is sustained by sufficiency of the evidence, it may nevertheless be against the weight of the evidence, because weight of the evidence concerns the amount of credible evidence offered in a trial in support of one side of the issue, Thompkins at 387, citations deleted. Sufficiency of the evidence is a question of law for the trial court and weight of the evidence is a question of fact for the jury.
Appellant characterizes the two officers' testimony as inconsistent, and thus the credibility and reliability of their testimony is in question. Appellant also presented an alibi that he was not in the area of Second and Belden N.E. at the time of the incident on June 27, 1998.
We have reviewed the record, and we find the trial court's verdict was not contrary to the sufficiency and weight of the evidence. Although appellant presented a strenuous defense, nevertheless there was competent and credible evidence presented from which the trial court could find appellant was the person who had possession of the paper bag containing cocaine on the day in question.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the trial court erred when it overruled appellant's motion for leave to file an objection to the magistrate's finding. At the time the magistrate filed his judgment, appellant was represented by a private attorney. On August 3, 1998, the court appointed the Stark County Public Defender's office to represent the juvenile further. On August 6, 1998, the Public Defender's office filed a motion to withdraw, citing a conflict of interest. The court sustained the motion to withdraw on August 12, 1998. New counsel was not appointed to represent appellant until August 20, 1998, and on that same day, the new counsel filed a motion for a leave to file an objection. Pursuant Juv. R. 40, appellant had fourteen days to file his objection to the magistrate's decision, and the fourteen days had already passed. The court overruled the motion for leave to file the objections.
Appellant argues he was unrepresented from the time between August 12 and August 20 through no fault of his own. He had counsel from August 3, when the magistrate filed his decision, until August 12 when counsel was permitted to withdraw. When appellant acquired new counsel on August 20, he immediately moved for leave to file an objection. Appellant asks us to hold the time he was left without representation, due to no fault of his own, and at a critical stage of the proceedings, should not be counted in computing the time to file the objection.
This case represents a very unusual set of circumstances. We hold on the very specific and unusual facts of this case, the time for filing the objection was tolled during the time appellant was unrepresented through no fault of his own. Accordingly, we find the trial court should have permitted counsel leave to file the objections, particularly given the motion was made the same day counsel was appointed.
The second assignment of error is sustained.
 III
In his third assignment of error, appellant urges the trial court should have excluded evidence he was carrying money with traces of cocaine on it on July 14, because it was irrelevant to the charge of possession of cocaine on June 27. The State points out appellant did not object to the admission of the exhibit. For this reason, we may review this assignment of error only under the doctrine of plain error.
Pursuant to Crim. R. 52(B), we may only take notice of plain error if it affects the substantial rights of the defendant. The Supreme Court has held we may only take notice of plain error if the alleged error is outcome determinative, see State v.D'Ambriosio (1993), 67 Ohio St.3d 185. In other words, we cannot find plain error unless we believe that, but for the error, the outcome of the trial would clearly have been otherwise, see Statev. Biros (1997), 78 Ohio St.3d 426.
We cannot say in this case we are convinced appellant would have been acquitted if this evidence had not been admitted. Even setting aside this evidence, there was sufficient competent and credible evidence from which the court could find appellant delinquent. Accordingly, we find the trial court did not commit plain error in admitting this evidence.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, J., Wise, P.J., and Farmer, J., concur.
______________________________
______________________________
 ______________________________ JUDGES
WSG:clw 0125
JUDGMENT ENTRY
CASE NO. 1998-CA-0235
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs split between the parties.
______________________________
______________________________
 ______________________________ JUDGES